**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Premier Concrete LLC, Keith Woods, and Joy Woods, | ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 1:20-cv-00307-SDG |
| v. | ) ) | |
| Argos North America Corp., Argos Ready Mix, LLC, Elite Concrete LLC, Elite Concrete Holdings, LLC, Elite Concrete of SC, LLC, Coastal Concrete Southeast II LLC, Evans Concrete Holdings Inc., Evans Concrete, L.L.C., Thomas Concrete, Inc., Thomas Concrete of Georgia, Inc., Thomas Concrete of South Carolina, Inc., Holcim (US) Inc., Cemex, Inc., Cemex Materials, LLC, Cemex Southeast, LLC, and Giant Cement Company, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

1.      **Description of Case:**

   *(a)      Describe briefly the nature of this action.*

   Plaintiffs Premier Concrete, LLC and Keith and Joy Woods (collectively, "Plaintiffs") allege anticompetitive conduct in two separate alleged product markets--ready-mix concrete and cement—in the coastal Georgia and coastal South Carolina

area.  Alleging conspiracies in each of those purported markets, Plaintiffs seek relief against various Defendants under § 1 of the Sherman Act (15 U.S.C. § 1).  Alleging monopolization and attempted monopolization of both markets, and "joint monopolization" of the ready-mix concrete market, Plaintiffs also seek relief from certain of the Defendants under § 2 of the Sherman Act (15 U.S.C. § 2).  On the same or similar theories, Plaintiffs also seek relief under the Declaratory Judgment Act (28 U.S.C. § 2201), the Georgia statute voiding contracts in restraint of trade (O.C.G.A. § 13-8-2), and/or tortious interference with business relations under Georgia's common law.  Plaintiffs seek injunctive relief, treble damages, and attorneys' fees.

> (b)    *Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.*

Plaintiffs allege the operation of two distinct cartels in coastal Georgia and southeastern coastal South Carolina.  The first cartel, according to Plaintiffs, relates to ready-mix concrete, a perishable product used primarily in the building, paving, and construction industries.  The alleged ready-mix cartel consists of Defendants Argos Ready Mix, LLC ("Argos"),[1] Coastal Concrete Southeast II LLC ("Coastal"),

---

[1] As set forth below, Argos Ready Mix, LLC is improperly named in the Complaint. In 2016, Argos Ready Mix, LLC was merged completely into Argos USA LLC, and the former entity no longer exists.

Elite Concrete LLC, Elite Concrete Holdings, LLC, and Elite Concrete of SC, LLC (collectively, "Elite"), Evans Concrete Holdings Inc. and Evans Concrete, LLC (collectively, "Evans"), and Thomas Concrete, Inc., Thomas Concrete of Georgia, Inc., and Thomas Concrete of South Carolina, Inc. (collectively "Thomas") (together, "the Ready-Mix Defendants"). Plaintiffs allege that the Ready-Mix Defendants conspired both to jointly monopolize the market for ready-mix concrete in the geographic market comprising parts of coastal Georgia and southeastern coastal South Carolina, and to restrain trade within that same market. More specifically, Plaintiffs allege a group boycott of themselves and other nonparticipating competitors by the Ready-Mix Defendants.

The second cartel, according to Plaintiffs, is in the market for cement, a binding agent that is an ingredient of ready-mix concrete and is sold primarily to ready-mix suppliers. The alleged cement cartel consists of Defendants Argos North America, Corp. ("Argos"), Giant Cement Company ("Giant"), Holcim (US) Inc. ("Holcim"), and Cemex, Inc., Cemex Materials, LLC, and Cemex Southeast, LLC (collectively "Cemex") (together, "the Cement Defendants").[2]  Plaintiffs allege that

---

[2] The use of abbreviated reference to groups of defendants is for convenience only, and in no way diminishes Plaintiffs' obligation to prove all elements of all claims asserted against each and every defendant in this case.

the Cement Defendants entered into a horizontal conspiracy to fix the price of cement in an alleged geographic market comprising parts of coastal Georgia and southeastern coastal South Carolina.

Plaintiffs further allege that while participating in both cartels, Argos secured a monopoly in the market for cement and used its favorable position in that market to benefit the members of the ready-mix cartel downstream.

Plaintiffs contend that as a result of the alleged anticompetitive conduct, Plaintiff Premier Concrete, LLC lost value and Plaintiffs Keith and Joy Woods were forced to sell their business for less than they should have.

(c)     *The legal issues to be tried are as follows:*

Defendants each have filed—on an individual or joint basis—motions to dismiss all of Plaintiffs' claims.  Defendants assert that no legal issues should remain after consideration of those motions. Plaintiffs' oppositions to those motions are due May 1, 2020. Depending on the resolution of those motions, some or all of the following legal issues may need to be determined:

- Whether the Ready-Mix Defendants violated the Sherman Act by jointly monopolizing the ready-mix concrete market, by attempting to jointly monopolize that market, and/or conspiring to jointly monopolize the same market.

- Whether the Ready-Mix Defendants violated the Sherman Act by conspiring to exclude Plaintiffs from the ready-mix concrete market.

- Whether each of the Cement Defendants violated the Sherman Act by conspiring as horizontal competitors to unlawfully fix prices in the cement market in an alleged geographic market comprising parts of coastal Georgia and southeastern coastal South Carolina and whether any such conspiracy caused Plaintiffs to suffer injury.

- Whether Argos attained and/or attempted to attain a monopoly in the cement market.

- Whether the Ready-Mix Defendants violated Georgia common law by tortiously interfering with prospective or existing business relations of Plaintiffs.

- Whether each of the Ready-Mix Defendants and each of the Cement Defendants[3] formed one or more contracts in general restraint of trade in violation of the Georgia Code and that Plaintiffs are entitled to obtain any relief.

- Whether each Plaintiff has suffered an antitrust injury related to anticompetitive conduct proven for each of the Ready-Mix Defendants and Cement Defendants.

- Whether each Plaintiff suffered damages directly caused by the unlawful conduct of each of the Ready-Mix Defendants and the Cement Defendants, whether each Plaintiff has provided reasonable calculations of any damages amount, and whether damages are barred by the statute of limitations.

- Whether Plaintiffs' claims are barred by the statute of limitations.

---

[3] Count IX of the Complaint neither names nor includes any specific allegations against Giant.

    *(d)     The cases listed below (include both style and action number) are:*

       (1)     Pending Related Cases:

There are two pending cases that are somewhat related.  The first is *Southeast Ready Mix, et al. v. Argos North America Corp., et al.*, No. 1:17-cv-02792-ELR (N.D. Ga.), a case currently pending before Judge Ross of this Court, in which the plaintiffs advance similar claims against all Defendants here except Giant.  The second is *Pro Slab Inc., et al. v. Argos USA LLC, et al.*, No. 2:17-cv-03185-BHH (D.S.C.), a putative class action currently pending before Judge Bruce Hendricks of the United States District Court for the District of South Carolina.  In that case, plaintiffs allege a price-fixing conspiracy in violation of § 1 of the Sherman Act involving each of the Defendant ready-mix suppliers here.  Both related cases are presently in discovery.

       (2)     Previously Adjudicated Related Cases:

There are no previously adjudicated related cases.

**2.**     This case is complex because it possesses one or more of the features listed below (please check):

|   |      |                                                          |
|---|------|----------------------------------------------------------|
| **X** | (1)  | Unusually large number of parties                        |
| **X** | (2)  | Unusually large number of claims or defenses             |
| **X** | (3)  | Factual issues are exceptionally complex                 |
| **X** | (4)  | Greater than normal volume of evidence                   |
|   | (5)  | Extended discovery period is needed                      |
|   | (6)  | Problems locating or preserving evidence                 |
| **X** | (7)  | Pending parallel investigations or action by government  |
| **X** | (8)  | Multiple use of experts                                  |
|   | (9)  | Need for discovery outside United States boundaries      |
|   | (10) | Existence of highly technical issues and proof           |

(11)   Unusually complex discovery of electronically stored information

## 3.      Counsel:

*The following individually-named attorneys are hereby designated as lead counsel for the parties:*

For Plaintiffs Premier Concrete, LLC and Keith and Joy Woods:

C. Lance Gould
Alabama Bar No. ASB-0913-G66C
lance.gould@beasleyallen.com
Beasley Allen Crow Methvin Portis & Miles
PO Box 4160
218 Commerce Street
Montgomery, AL 36103
334.269.2343

For Defendants Argos North America Corp. and Argos USA, LLC:

Howard Feller
Virginia Bar No. 18248
hfeller@mcguirewoods.com
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
804.775.4393

For Defendants Cemex, Inc., Cemex Materials, LLC, and Cemex Southeast, LLC:

James R. McGibbon
Georgia Bar No. 492350
jimmcgibbon@eversheds-sutherland.com
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street NE, Suite 2300
Atlanta, GA 30309

404.853.8008

　　　For Defendants Coastal Concrete Southeast I LLC:

David M. Burkoff
Georgia Bar No. 179902
dburkoff@huntermaclean.com
HUNTER, MACLEAN, EXLEY & DUNN, P.C.
200 E. Saint Julian St.
Savannah, GA
912.263.0261

　　　For Defendants Elite Concrete LLC, Elite Concrete Holdings LLC, and Elite
Concrete of SC LLC:

Justin P. Gunter
Georgia Bar No. 969468
jgunter@phrd.com
PARKER, HUDSON, RAINER & DOBBS LLP
303 Peachtree Street, NE, Suite 3600
Atlanta, GA 30308
404.420.4315

　　　For Defendants Evans Concrete Holdings, Inc., and Evans Concrete, LLC:

Jeffrey W. DeLoach
Georgia Bar No. 081669
jeff@ehdhlaw.com
EPPS, HOLLOWAY, DELOACH & HOIPKEMIER, LLC
1220 Langford Drive, Building 200-101
Watkinsville, GA 30677
706.540.4000

　　　For Defendant Giant Cement Company:

Robert Hickok
Pennsylvania Bar No. 30101
hickokr@pepperlaw.com

PEPPER HAMILTON LLP
Eighteenth and Arch Streets
Philadelphia, PA 19103
215.981.4750

For Defendant Holcim (US) Inc.:

Jennifer Greenblatt
Illinois Bar No. 6304769
tismail@goldmanismail.com
jgreenblatt@goldmanismail.com
GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP
200 S. Wacker Dr., 22nd Fl.
Chicago, IL 60606
312.681.6000

For Defendants Thomas Concrete, Inc., Thomas Concrete of Georgia, Inc., and Thomas Concrete of South Carolina, Inc.:

Gregory R. Hanthorn
Georgia Bar No. 323937
ghanthorn@jonesday.com JONES DAY
1420 Peachtree Street NE, Suite 800
Atlanta, GA 30309-3053
404.521.3939

**4.      Jurisdiction:**

*Is there any question regarding this Court's jurisdiction?*

_____Yes            __**X**__No

**5.      Parties to This Action:**

*(a)      The following persons are necessary parties who have not been joined:*

The parties agree that there are no necessary parties who have not been joined.

(b)    *The following persons are improperly joined as parties:*

The parties agree that no parties are improperly joined.

(c)    *The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:*

The name of one party has been inaccurately stated in the Complaint. Argos Ready Mix, LLC no longer exists. The entity was merged into Argos USA LLC in 2016. All other party names are correctly stated.

(d)    *The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

The parties acknowledge such duty.

**6.    Amendments to the Pleadings:**

*Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.*

(a)    List separately any amendments to the pleadings that the parties anticipate will be necessary:

At this time, the parties do not anticipate any amendments to the pleadings.

(b)    *Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.*

7.        **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)     *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)     *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

The parties agree that no adjustments to the above-stated filing times appear

necessary at this time, but reserve the right if good cause exists to seek from the

Court an extension of the filing time for any motion.

8.        **Initial Disclosures:**

*The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).*

The parties agree to hold off on making initial disclosures at this time, in light

of the fact that each Defendant has moved to dismiss the Complaint in its entirety,

and these motions remain pending at this time.  *See* ECF Nos. 92, 94, 95, 97, 98, 100, 102.   If granted, these motions will dispose of this case altogether. Alternatively, if the Court grants one or more of Defendants' motions in whole or in part, it would potentially narrow the issues in the case, the parties to the action, or both.  In light of this potential, and given the breadth of Plaintiffs' case as pled and the agreed-upon extension provided to Plaintiffs for filing their oppositions to the motions to dismiss, the parties respectfully submit that making the required initial disclosures at this time would be premature and would not be an efficient use of the resources of either this Court or the parties.  *See, e.g.*, *Redford v. Gwinnett County Judicial Circuit*, 350 Fed. Appx. 341, 346 (11th Cir. 2009) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)).  The parties therefore respectfully submit that initial disclosures should be exchanged within thirty days after the appearance of the first defendant by answer to the Complaint, which date marks the commencement of the discovery period under Local Rule 26.2(A).  This schedule will ensure that Plaintiffs are in possession of the requisite information by the start of the 8-month discovery period, and thus will

neither delay the resolution of this case, nor result in any prejudice to Plaintiffs while

conserving resources.

**9.      Request for Scheduling Conference:**

*Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.*

The parties do not believe that a scheduling conference is necessary at this time and therefore do not request one.

**10.     Discovery Period:**

*The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.*
*Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.*
*Please state below the subjects on which discovery may be needed:*

Defendants state that in light of the pending motions to dismiss in this case,

they are not presently in a position to indicate with either precision or particularity

the subjects on which discovery may be needed.

Plaintiffs state that they will require discovery for the following non-exclusive

list of subjects:

- Communications and agreements among Defendants.

- Actions in furtherance of a conspiracy (e.g., scorecards, competitor reports, communications with customers).

- Rebates, kickbacks, discounts, and payoffs.

- Transactional-level sales data of Defendants.

- Information on both the cement and ready-mix concrete markets in the coastal Georgia and coastal South Carolina area.

- Financial records of the Defendants.

- The preservation of information and documents by Defendants.

*If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:*

The parties agree that this antitrust action is subject to the 8-month discovery track under Appendix F to this Court's Local Rules. To ensure that both the fact discovery and the expert discovery are completed within that 8 month period, the following deadlines would be set:

- Fact discovery cutoff—6 months from the date on which discovery commences;

- Plaintiffs' expert report(s) due by the fact discovery cutoff date;

- Defendants' deposition(s) of plaintiffs' expert(s)—no later than 2 weeks after the plaintiffs' expert report(s) submitted;

- Defendants' expert report(s) due 30 days after plaintiffs' expert report(s) submitted;

- Plaintiffs' deposition(s) of defendants' expert(s)—completed by the end of the 8 month discovery period.

The parties do not presently anticipate that additional time beyond 8 months will be necessary to complete discovery, but reserve the right to request additional time if good cause exists. The parties acknowledge their obligation, as set forth in Judge Grimberg's Standing Order, to file an amended Joint Report within 14 days after a ruling on the currently pending motions to dismiss.

## 11. Discovery Limitation and Discovery of Electronically Stored Information:

(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

Interrogatories:

The parties agree that the presumptive limits under the Federal Rules regarding the number of interrogatories that may be served may not be suitable for a case of this scope and scale.   Therefore, the parties agree to the following limitations on interrogatories and respectfully request that the Court enter an order adopting them for this case:

- The Plaintiff Family[4] may serve no more than 30 written interrogatories, including all discrete subparts, on each Defendant Family.[5]

- Each Defendant Family may serve no more than 30 written interrogatories, including all discrete subparts, upon the Plaintiff Family.

<u>Depositions:</u>

The parties agree to the following limitations on depositions in this case and respectfully request that this Court enter an order adopting them for this case:

- Plaintiffs may collectively take no more than 5 depositions of each Defendant Family and 10 depositions of nonparties, but the total number of depositions taken by Plaintiffs may not exceed 25.  This total does not include depositions of retained expert witnesses.

- Defendants may collectively take no more than 5 depositions of each Plaintiff and 15 depositions of nonparties, but the total number of depositions taken by Defendants may not exceed 25.  This total does not include depositions of retained expert witnesses.

- The limits on the duration of each deposition shall remain unchanged from those set forth in Fed. R. Civ. P. 30(d)(1).

---

[4] For purposes of this Joint Pretrial Order, the Plaintiff Family is comprised of the named plaintiffs, Premier Concrete, LLC and Keith and Joy Woods.

[5] For purposes of this Joint Pretrial Order, a Defendant Family is comprised of those Defendants who are affiliated with one another, or who share common ownership. For instance, Defendants Evans Concrete Holdings, Inc. and Evans Concrete, LLC, together comprise one Defendant Family referred to collectively as Evans. There are eight Defendant Families in this case: Argos, Cemex, Coastal (only one entity named in Complaint), Elite, Evans, Giant (only one entity named in Complaint), Holcim (only one entity named in Complaint), and Thomas.

(b)     Is any party seeking discovery of electronically stored information?

 **X** Yes                                    _____No

The parties agree that a written protocol governing the exchange of electronically stored information ("ESI Protocol") will be necessary in this case. The parties have agreed to work together to create a mutually agreeable ESI Protocol prior to the commencement of discovery in this case.

**12.     Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties agree that a protective order to govern the exchange of information during discovery will be necessary in this case. The parties have agreed to work together to draft a mutually agreeable proposed protective order for the Court's review prior to the commencement of discovery in this case.  Likewise, the parties agree that a stipulation regarding the discoverability of certain expert materials and communications will be necessary and agree to work together to draft a mutually agreeable proposed order for the Court's consideration.

**13.     Settlement Potential:**

(a)     Lead counsel for the parties, or their designees, certify by their signatures below that they conducted a Rule 26(f) conference that was held on **April 16, 2020**, and that they participated in settlement discussions. Due to the ongoing public health concerns regarding COVID-19, the parties conducted the 26(f)

conference via an audio only teleconference rather than in person.  Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiffs:**

**Lead counsel:**

        **Lance Gould:** *_/s/ Lance Gould_____*

**Other participants: Tyner Helms**

**For Defendant Argos:**

**Lead counsel:**

        **Howard Feller:** *_____/s/ Howard Feller_____*

**Other participants: Nicholas Giles, M. Laughlin Allen**

**For Defendant Cemex:**

**Lead counsel:**

        **James R. McGibbon:** *_____/s/ James R. McGibbon_____*

**Other participants: Kaitlin Carreno, Patricia Gorham**

**For Defendant Coastal:**

**Lead counsel:**

        **David Burkoff:** *_____/s/ David Burkoff_____*

**For Defendant Elite:**

**Lead counsel:**

        **Justin P. Gunter:** *___/s/ Justin P. Gunter_____*

**<u>For Defendant Evans</u>:**

**Lead counsel:**

     **Jeffrey DeLoach:___*/s/ Jeffrey DeLoach*_____**

**<u>For Defendant Giant</u>:**

**Lead counsel:**

     **Robert Hickok:_____*/s/ Robert Hickok*_____**

**<u>For Defendant Holcim</u>:**

**Lead counsel:**

     **Jennifer Greenblatt:___*/s/ Jennifer Greenblatt*_____**

**<u>For Defendant Thomas</u>:**

**Lead counsel:**

     **Gregory Hanthorn:___*/s/ Gregory Hanthorn*_____**

**Other participants: Andrew Ellis**

    (b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

        (___) A possibility of settlement before discovery.
        (___) A possibility of settlement after discovery.
        (___) A possibility of settlement, but a conference with the judge is needed.
        **( X ) No possibility of settlement.**

    (c)    Counsel **<u>do</u>** intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is: upon the issuance of the Court's decision on the pending motions to dismiss case.

(d)     The following specific problems have created a hindrance to settlement of this case.

The parties agree that there are no specific problems creating a hindrance to settlement.

**14.      Trial by Magistrate Judge:**

The parties **<u>do not</u>** consent to having this case tried before a magistrate judge of this Court.

Dated: April 27, 2020                              Respectfully submitted,

s/ Benjamin R. Keen
Benjamin R. Keen
GA Bar No. 810828
C. Lance Gould (*pro hac vice*)
Tyner D. Helms (*pro hac vice*)
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
4200 Northside Parkway NW Building
One, Suite 100
Atlanta, Georgia 30327
Tel: (404) 751-1162
Fax: (855) 674-1818
Ben.keen@beasleyallen.com
Lance.gould@beasleyallen.com
Tyner.helms@beasleyallen.com

*Attorneys for Plaintiffs Premier Concrete LLC, Keith Woods and Joy Woods*

s/ M. Laughlin Allen
M. Laughlin Allen
Georgia Bar No. 901999
mlallen@mcguirewoods.com
MCGUIREWOODS LLP
1230 Peachtree Street, NE, Suite 2100
Atlanta, GA 30309-3534
404.443.5738
404.443.5773 (fax)
Howard Feller (*pro hac vice*)
Virginia Bar No. 18248
hfeller@mcguirewoods.com
J. Brent Justus (*pro hac vice*)
Virginia Bar No. 45525
bjustus@mcguirewoods.com
Casey Erin Lucier (*pro hac vice*)
Virginia Bar No. 80363
clucier@mcguirewoods.com
Nicholas J. Giles (*pro hac vice*)
Virginia Bar No. 86584
ngiles@mcguirewoods.com
Ashley P. Peterson (*pro hac vice*)
Virginia Bar No. 87904
apeterson@mcguirewoods.com
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
804.775.1000
*Attorneys for Defendants Argos North America Corp. and Argos Ready Mix, LLC*

By: s/ David M. Burkoff
David M. Burkoff
Georgia Bar No. 179902
dburkoff@huntermaclean.com
Allan C. Galis
Georgia Bar No. 185603
agalis@huntermaclean.com
HUNTER, MACLEAN, EXLEY &
DUNN, P.C.
200 E. Saint Julian St.
Savannah, GA
912.236.0261
912.236.4936 (fax)

*Attorney for Defendant Coastal Concrete
Southeast II LLC*

By: s/ Jeffrey W. DeLoach
Jeffrey W. DeLoach
Georgia Bar No. 081669
jeff@ehdhlaw.com
EPPS, HOLLOWAY, DELOACH &
HOIPKEMIER, LLC
1220 Langford Drive, Building 200-101
Watkinsville, GA 30677
706.540.4000

*Attorneys for Defendants Evans Concrete
Holdings, Inc., and Evans Concrete, LLC*

By: s/ Justin P. Gunter
Robert M. Brennan
Georgia Bar No. 079798
rmb@phrd.com
Justin P. Gunter
Georgia Bar No. 969468
jgunter@phrd.com
PARKER, HUDSON, RAINER &
DOBBS LLP
303 Peachtree Street, NE, Suite 3600
Atlanta, GA 30308
404.681.5969

*Attorney for Defendants Elite
Concrete LLC, Elite Concrete
Holdings LLC, and Elite Concrete of
SC LLC*

By: s/ Gregory R. Hanthorn
Gregory R. Hanthorn
Georgia Bar No. 323937
ghanthorn@jonesday.com
Andrew Ellis
Georgia Bar No. 536041
aellis@jonesday.com
JONES DAY
1420 Peachtree Street NE, Suite 800
Atlanta, GA 30309-3053
404.521.3939

*Attorney for Defendants Thomas
Concrete, Inc., Thomas Concrete of
Georgia, Inc., and Thomas Concrete
of South Carolina, Inc.*

By: s/ *Seth Litman*
Seth Litman
Georgia Bar No. 454060
seth.litman@thompsonhine.com
THOMPSON HINE LLP
Two Alliance Center
3560 Lenox Road NE, Suite 1600
Atlanta, GA 30326
404.541.2967

Tarek Ismail (*pro hac vice to be requested*)
Illinois Bar No. 6225226
tismail@goldmanismail.com
Jennifer Greenblatt (*pro hac vice to be requested*)
Illinois Bar No. 6304769
jgreenblatt@goldmanismail.com
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
200 South Wacker Dr.
22nd Floor
Chicago, IL 60606
312.681.6000

*Attorneys for Defendant Holcim (US) Inc.*

By: s/ *Alan W. Bakowski*
Alan W. Bakowski
Georgia Bar No. 373002
alan.bakowski@troutman.com
TROUTMAN SANDERS LLP
600 Peachtree St., N.E., Suite 3000
Atlanta, Georgia 30308
404.885.3000

Robert L. Hickok (*pro hac vice*)
hickokr@pepperlaw.com
Daniel J. Boland (*pro hac vice*)
bolandd@pepperlaw.com
Leah Greenberg Katz (*pro hac vice*)
katzl@pepperlaw.com
Michael J. Hartman (*pro hac vice*)
hartmanm@pepperlaw.com
PEPPER HAMILTON LLP
Eighteenth and Arch Streets
Philadelphia, Pennsylvania 19103
215.981.4000

*Attorneys for Defendant Giant Cement Company*

*/s/ James R. McGibbon*
James R. McGibbon (GA 492350)
Patricia A. Gorham (GA 302669)
Kaitlin A. Carreno (GA 174813)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30309-3996
(404) 853-8000 (T)
(404) 853-8806 (F)
jimmcgibbon@eversheds-sutherland.com
patriciagorham@eversheds-
sutherland.com
kaitlincarreno@eversheds-sutherland.com

*Attorneys for Defendants Cemex, Inc.,
Cemex Materials, LLC, and Cemex
Southeast, LLC*

## SCHEDULING ORDER

Upon review of the information contained in the Joint  Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this_____ day of_____,
20_____.


_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on this 27th day of April, 2020, the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** was filed electronically with the Clerk of the Court using the CM/ECF system which will send a notification of such filing to all counsel of record in this matter.

I further certify that the foregoing complies with the font and point setting approved by the Court in Local Rule 5.1(B). The foregoing was prepared on a computer, using Times New Roman 14-point font.

_s/ M. Laughlin Allen_____
M. Laughlin Allen
Georgia Bar No. 901999
mlallen@mcguirewoods.com
MCGUIREWOODS LLP
1230 Peachtree Street, NE, Suite 2100
Atlanta, GA 30309-3534
404.443.5738
404.443.5773 (fax)

_Attorney for Defendants Argos North America
Corp. and Argos Ready Mix, LLC_

129588522_3